ATCHISON, TOPEKA & SANTA FE RAILROAD COMPANY v. MARY E. JOHNSON.

No. 270.

1. PRACTICE — *Demurrer to Evidence.* Where the court cannot declare, as a matter of law, that the plaintiff's evidence did not tend to prove the alleged negligence of the defendant, it will not hold that the trial court erred in overruling the defendant's demurrer to such evidence.

2. —————— *Instruction Concerning Mental Anguish.* Where mental anguish, distinct from bodily suffering, was not proven to have resulted from plaintiff's injuries, it was error for the court, over the objection of the defendant, to instruct the jury as to mental anguish.

Error from Butler district court; C. W. SHINN, judge. Opinion filed March 14, 1898. Modified.

*A. A. Hurd,* and *Stambaugh & Hurd,* for plaintiff in error.

*G. P. Aikman,* for defendant in error.

The opinion of the court was delivered by

MILTON, J.: We have considered the motion filed by the defendant in error to dismiss the proceedings in error, and conclude that it should be overruled. The principal features of this case are as follows:

On October 27, 1891, the defendant in error and her husband were in a wagon, drawn by a horse and mule, and were going from the south part to the north part of the farm on which they had resided for three years, to procure a load of cane. The farm was divided by the railroad of the plaintiff in error. They stopped when about sixty rods from the track for a few minutes while Johnson engaged in conversation with another man. The view of the track at this point was obstructed by a high hedge fence. Mrs. Johnson took no part in the conversation and was looking toward the track. The evidence in her behalf tended to prove that she listened for the train and did not hear it approaching; that it came suddenly into sight and frightened the team, which ran directly toward the railroad track and, turning somewhat from a straight line, passed around the rear of the train as the train itself was crossing the highway; that after the team had run quite a distance the plaintiff was thrown from the wagon, the fall rendering her unconscious for some time and causing severe temporary injuries. The horse they were driving belonged to Johnson while the mule was borrowed from a neighbor. The horse had no fear of trains, but had once run away, from some cause. The mule was in the habit of becoming

frightened at trains, and it frequently ran away. Mrs. Johnson knew the latter fact, but was not aware of its fear of trains. The train passed the point in question between twelve and one o'clock P. M. It was a freight-train and was running very fast. Two delayed trains passed that point within the hour. Mrs. Johnson knew that a train passed that crossing each day at about noon. Johnson had the lines in his hands at the time the team started, but was unable to guide or stop it. Plaintiff's evidence strongly tended to prove failure on the part of the railroad company's employees to sound the engine whistle eighty rods from or at any point in the vicinity of the crossing near which the injury occurred, such failure being the negligence alleged. The defendant's demurrer to the plaintiff's evidence was overruled. Thereupon evidence was introduced by the defendant company tending to prove that the whistle had been properly sounded. The jury gave a verdict in favor of plaintiff for $180, of which $80 was for mental anguish. The plaintiff offered to remit the latter item, but upon the objection of the defendant, which asked for a new trial or for judgment upon the entire verdict, the application to remit was refused, and judgment was entered in favor of the plaintiff for $180. Giving to plaintiff's evidence its full force and effect, we are unable to say, as a matter of law, that it did not tend to prove the allegations of her petition; that is, that she was injured as the result of the negligence of the defendant company. We think, therefore, that the demurrer to the evidence was properly overruled.

We have examined the instructions given and those refused, and find that all proper declarations of law in those refused are embodied in the instructions

Railroad Co. v. Johnson.

given. Some of the instructions refused concerned the alleged negligence of Mrs. Johnson in riding behind a runaway mule. Counsel say that this phase of the case was not covered by the general instructions given by the court. We think otherwise, as we find an instruction in which the jury were told that if plaintiff could have avoided the injury by the exercise of ordinary care they should find for the defendant, and that in determining whether she and her husband exercised such ordinary care it was proper to take into consideration the kind of a team they were using. Whether or not Mrs. Johnson was negligent in respect to the use of such a team, or in the fact of stopping at a point near the railroad crossing, was sufficiently presented to the jury by the instructions, and their verdict upon conflicting evidence, having been approved by the trial court, is conclusive here.

Complaint is made of the court's refusal to permit the defendant below to introduce the testimony given by Mrs. Johnson in a former trial of the case, it being offered for the purpose of contradicting her later testimony. The record shows that when she was testifying in her own behalf, in rebuttal, on cross-examination, she stated that she was sitting facing the track and did not recollect just what her mind was on at the moment the train came in sight. The evidence offered and refused was after she had made this statement, and tended to show that she had testified in the former trial that she was not thinking about the train until she saw it. The court stenographer was also called to testify concerning the same point from the notes of Mrs. Johnson's former testimony. At that stage of the trial the evidence offered was scarcely proper, and the court's refusal to admit it was not material error.

The motion for judgment on the special findings was properly overruled. As to the allowance for mental anguish, we think the verdict and the judgment are erroneous. The special findings show that the jury allowed the plaintiff $100 for physical suffering and nothing for permanent injury, medical attendance, or loss of time. There is no evidence to justify the finding and verdict for the eighty dollars for mental suffering. The court instructed the jury that if they found for the plaintiff they should assess her damages at such sum as they believed would compensate her for any physical suffering or mental anguish she may have endured as a result of her injuries. While this instruction was excepted to, no mention of it is made in the brief of counsel. The fact that such an instruction was given accounts as satisfactorily for the finding and verdict as does the inference drawn by counsel that the jury was influenced by passion and prejudice in trial of the case. The plaintiff in error, in making the objection here to that portion of the verdict, occupies a position very inconsistent with its attitude in the trial court.

When the defendant in error there sought to remit the eighty dollars which the jury had allowed for mental anguish, counsel for the railroad company insisted that the court should render judgment upon the verdict or grant a new trial. Accordingly the court overruled the application to remit and after overruling the motion for a new trial, entered judgment for the entire amount of the verdict. However, as this allowance was clearly unauthorized, we shall direct a modification of the judgment. The judgment of the district court will be modified by ordering the defendant in error to remit therefrom the sum of eighty dollars, and it is affirmed as to the remainder thereof. The costs in this court will be divided.